FIDEL BENERO RIVERA, Plaintiff and Appellee, *v.* ENRIQUE ALVARADO ET AL., Defendants and Appellants.

No. 4548. Argued January 24, 1929.—Decided June 24, 1929.

*Tous Soto & Quiñones* for appellant Rexach. *José E. Díaz* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This action was brought by Fidel Benero against Enrique Alvarado, Alejandro Laborde and Manuel Benítez to recover $1,400 for unpaid rent and $3,000 as damages.

The complaint states three causes of action. By the first it is alleged that on January 4, 1926, defendant Alvarado leased from the plaintiff a certain rural property for $150 monthly; that the lessee took immediate possession of the property and held it until December 20, 1926, when he was evicted judicially for failure to pay the rent; that Alvarado paid the rent for January and February and one hundred dollars on the March account, leaving a balance due of $1,400 up to December 20, 1926.

In the second cause of action the aforesaid facts are reproduced and the following is alleged:

"II.—That on January 4, 1926, defendants Alejandro Laborde and Manuel Benítez Rexach signed and delivered to plaintiff Fidel

Benero Rivera, as sureties for E. Alvarado, a document which reads as follows: 'San Juan, P. R., January 4, 1926.—Mr. Fidel Benero, Manatí, P. R.—Dear Sir: At the request of our esteemed friend Enrique Alvarado we write to inform you that with very much pleasure we become sureties for our friend Alvarado on his contract with you for the rent of a property leased by you to him at the monthly rate of $150. Yours sincerely, A. Laborde.—M. Benítez Rexach.—San Juan, Box 905.'

"III.—That in due time demand was made by the plaintiff upon the said sureties Alejandro Laborde and Manuel Benítez Rexach for payment of the rent not paid by Enrique Alvarado amounting to $1,400, but the said sureties have not paid the said sum either totally or partially notwithstanding the demand made upon them."

The facts of the first cause of action are also repeated in the third and the following is added:

"II.—That the plaintiff having leased to Enrique Alvarado with the personal security of defendants Manuel Benítez Rexach and Alejandro Laborde the rural property described in the second averment of the first cause of action at eighteen hundred dollars annually for a period of three years to expire on January 15, 1929, the plaintiff left for the United States of America for the purpose of fixing his residence in that country, at great expense, and had to return to this island because neither the said Alvarado nor his sureties Benítez Rexach and Laborde paid the rent stipulated in the contract of lease executed in a public instrument on January 4, 1926, before notary José E. Díaz, defendant Alvarado having been evicted from the said property for failure to pay the rent and having left the property in a completely abandoned condition, without fences and the houses in a deteriorated state for lack of repairs.

"III.—That in order to put the property described in the same condition in which it was originally delivered by the plaintiff to defendant Enrique Alvarado he has had to go to great expenses and large disbursements, and owing to the failure of the defendant to perform the said contract damages have resulted which are estimated by the plaintiff at three thousand dollars."

The defendants were summoned, Benítez did not appear and his default was noted. Alvarado and Laborde demurred and the demurrer was overruled. They then failed to answer and their defaults were noted.

In these circumstances the case went to trial and a judgment was rendered which reads in part as follows:

"On January 13, 1928, and in open court this case was called for trial as set in the special calendar of civil cases, the plaintiff appearing by attorney José E. Díaz who announced that he was ready for trial. The default of the defendants having been entered, the trial was proceeded with.

"Thereupon the plaintiff read his pleadings, introduced his evidence and submitted the case without argument.

"The court, taking into consideration the pleadings and evidence of the plaintiffs and the default of the defendants, rendered judgment sustaining the complaint and consequently adjudging as follows:

"Defendant Enrique Alvarado shall pay to the plaintiff Fidel Benero Rivera the sum of $1,400 as unpaid rent up to December 20, 1926;

"Defendants Alejandro Laborde and Manuel Benítez Rexach shall pay jointly to the plaintiff, as sureties for defendant Enrique Alvarado and in case of his failure to do so, the sum of $1,400 as unpaid rent up to December 20, 1926;

"And defendants Enrique Alvarado, Alejandro Laborde and Manuel Benitez Rexach shall pay to the plaintiff Fidel Benero Rivera the sum of $3,000 as damages for nonperformance of the lease contract which gave rise to this litigation; and the said defendants are adjudged to pay the costs, expenses and attorney's fees of the plaintiff, except that defendant Manuel Benítez Rexach shall be exempted from the payment of attorney's fees because he did not appear in the present action."

The defendants appealed and the appeal was dismissed by this Supreme Court on May 1, 1928. On June 8, 1928, it was reinstated, but only as to defendant Benítez.

In the transcript filed the evidence heard in the district court was not included. Taking this into consideration, the appellant bases the appeal on the summons and on the facts as alleged in the complaint.

He contends in the first place that the court did not acquire jurisdiction over him because he was not summoned legally, inasmuch as the summons did not state the purpose of the action and give the warning that in case of his failure to

appear "the plaintiff will apply to the court for the relief demanded in the complaint."

The marshal of the district certified that on summoning the defendant he delivered to him copies of the summons and of the complaint. The summons reads in part as follows:

"You are hereby notified that a complaint has been filed in the clerk's office of the District Court of San Juan of the judicial district of San Juan, P. R., by the aforesaid plaintiff praying the court to render a judgment against the said defendants for the sum of $1,400 as rent of the property leased from the plaintiff and $3,000 as damages for noncompliance with the said contract, plus costs, expenses and attorney's fees incurred in the action.

"José E. Díaz, of Manatí, P. R., is the attorney for the plaintiff.

"And you are notified that if you do not appear and answer the said complaint within ten days after service, if the summons is served within the district; within twenty days if served out of the district, but in the Island of Porto Rico, and within forty days if served elsewhere, the plaintiff will take judgment on your default for the sum of $1,400 as rent and $3,000 as damages, as alleged in the complaint, together with the costs, expenses and attorney's fees."

The summons shows on its face that it complies substantially with the provisions of section 89 of the Code of Civil Procedure and the jurisprudence of its construction.

Leaving aside what the delivery of a copy of the complaint may mean, it can not be denied that the summons itself expresses "the purpose of the action in general terms," i. e., the recovery of rent and a certain sum for damages.

It is true that the exact words of the statute are not used in stating the warning that if the defendant should fail to appear and answer "the plaintiff will apply to the court for the relief demanded in the complaint," but it is also true that even more than that is said, for the summons complied not only with subdivision 5 of said section 89, but also with its subdivision 4, and specified the sum for which judgment might be rendered in such a case.

The only debatable questions, in our opinion, are raised in the second and third assignments of error.

The appellant alleges that the facts of the complaint do not sustain the judgment rendered against him. There is no doubt that the surety, by reason of those facts, becomes liable for the rent left unpaid by the lessee. Is he also liable for the damages claimed?

Section 1728 of the Revised Civil Code reads as follows:

"Security is not presumed; it must be express and can not be extended further than that specified therein.

"If it be simple and indefinite it shall include not only the principal obligation but all its accessories, including the costs of the suit, it being understood, with regard to the latter, that the surety shall only be liable for those incurred after he has been asked to pay."

In commenting on article 1827 of the Spanish Civil Code, identical with section 1728 of our Revised Code, Manresa writes as follows:

"The grounds for that special provision are derived, as before stated, from the very nature of security. It is a gratuitous charge by its nature, although such gratuitousness may not be essential, as already shown, and which ordinarily is undertaken without remuneration or record and without any other correlative obligation in favor of the surety who in many cases is unpleasantly compelled to pay debts of others without any profit to himself and without any efficient remedy against the insolvent debtor. In pointing out the danger of security Laurent quotes the proverb that 'he who becomes surety pays,' and being of the same mind the legislators have sought to give the security effect both by making it certain that the surety had meant to bind himself, and also that in so doing he acted with knowledge of what he was doing; thus preventing a person who by thoughtless impulse of affection or pity is willing to become surety from being easily led by that first generous impulse, while insuring that in binding himself he should do so earnestly and conscientiously, with time to think it over so that the expression of his willingness be sufficient guaranty of his deliberate intention to undertake the performance of the obligation incurred by the principal debtor." 12 Manresa, Civil Code, 227.

From an examination of the security as it appears from the letter signed and sent by the sureties themselves in the

light of the statute cited and of the restrictive standard set up by Manresa, we believe that no other conclusion can be reached than that this is a case of a "simple and indefinite" security and therefore that in accordance with the very terms of the statute it includes not only the principal obligation but all of its accessories as well.

It is the duty of the lessee both to pay the rent and "to return the property at the expiration of the lease in the same condition in which he received it." Section 1464 of the Revised Civil Code.

This being so, the sureties are liable for the damages caused by the lessee to the lessor by reason of the bad condition of the property as alleged in the complaint.

The obligation to repair the damages by virtue of the voyage of the lessor to the continent is doubtful. However, no opinion formed by us in that respect can influence the judgment to be rendered. The damages on both counts were jointly claimed. We know that evidence was heard and that that evidence was not brought up to this court. The judgment does not state what were the damages proved and by virtue of which indemnity was allowed. Under these circumstances we are not in a position to intervene. The appellant has not placed us in a position to review his case on that question.

The appeal must be dismissed and the judgment appealed from affirmed.